UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NYIETTA M. WHITE
   PLAINTIFF,

v.                                                  CIVIL ACTION No.: _____

HORIZON YOUTH SERVICES, L.C.
d/b/a NORTH TEXAS JOB CORPS
CENTER
   DEFENDANT.

## PLAINTIFF'S ORIGINAL COMPLAINT

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiff's federal claims under Title VII of the Civil Rights Act, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17. Further, Plaintiff brings claims pursuant to the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967, as amended.

2.      Venue is proper before this Court pursuant to 42 U.S.C.A. §2000e-5(f)(3), in that the unlawful employment practices complained of occurred at the McKinney facility, Collin County, Texas. Plaintiff further invokes the supplemental jurisdiction of this Court to entertain pendant claims arising under state law and so related to the claims in this suit as to be part of the same case and/or controversy.

3.      All conditions precedent to filing suit has been complied with.

### PARTIES

4.      Plaintiff, NYIETTA M. WHITE, is a U.S. Citizen, of full age and the subject of the actions

Plaintiff's Original Complaint                                                                         Page 1

complained of in this Complaint.

5. Defendant, HORIZON YOUTH SERVICES, L.C d/b/a NORTH TEXAS JOB CORPS, is a foreign limited liability company operating in Texas and incorporated in Virginia. Defendant Horizon Youth Services, L.C. ("Youth Services") has its principal place of business as 701 Brazos Street, Suite 720, Austin, Texas. Defendant's registered agent for service is Brazos Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas, 78701. Service of process will be performed by a private process server.

## FACTUAL ALLEGATIONS

6. At all times relevant herein, Defendant Youth Services is and was a limited liability company duly organized and existing under the laws of the State of Virginia, and operating as a foreign limited liability company in the State of Texas. Defendant Youth Services is contracted to operate the Job Corps facility at McKinney, Texas by the U.S. Department of Labor.

7. As a point of reference, generally, the Job Corps "is a no-cost education and career technical training program administered by the U.S. Department of Labor that helps young people ages 16 through 24 improve the quality of their lives through career technical and academic training."[1]

8. Ms. White is a female, Caucasian, in her mid-50s and a member of a various protected classes under the law. She was well-qualified to perform the duties for the two positions she held, that of Business Community Liaison and Work Based Learning Manager for the North Texas Job Corps in McKinney, Texas.

9. Ms. White commenced working for Defendant Youth Services in December, 2005 at the McKinney facility. At all times relevant, Ms. White was an outstanding employee. In her capacity

---

[1] U.S. Department of Labor website, at: http://northtexas.jobcorps.gov/about.aspx.

Plaintiff's Original Complaint                                                                                                    Page 2

as Business Community Liaison and Work Based Learning Manager, Ms. White had reported directly to the Center Director for Youth Services. In this respect, Ms. White was one of eight direct reports to the Center Director.

10. During her tenure as Business Community Liaison and Work Based Learning Manager, Ms. White substantially improved the operational efficiency and expanded the work base opportunities for Youth Services students. In January 2009, Ms. White hired an African American male for one of two assistant positions.

11. In July 2009, a new interim Center Director was appointed for the Job Corps Center at McKinney; a Tony Federico. During his tenure as Center Director and subsequent to that timeframe whilst he remained at the McKinney facility in a different capacity, Tony Federico made a number of derogatory statements toward and about Ms. White, in referring to her age, her gender, and her injuries suffered while in the course and scope of employment for Youth Services.

12. Ms. White was terminated by defendant on or about December 16, 2009.

13. Ms. White asserts claims for having suffered discrimination in violation of Title VII of the Civil Rights Act based upon her age, gender, being disabled, and upon her actions in protecting the employment of her African American assistant and African American students generally. Ms. White was treated differently than her male peers, discriminated against due to her age and for sustaining an on-the-job injury requiring significant treatment, and retaliated against for defending an employee who is a member of a protected class.

## FACTUAL ALLEGATION

14. During the latter period of her employment with defendant Youth Services, Ms. White was subjected to comments from Center Directors, to include Tony Federico, about not liking pushy

women, being denied the opportunity to meet face to face with her direct reporting supervisor, limited to infrequent communications with her direct reporting supervisor, and subsequently removed from direct reporting to the Center Director.

15. Subsequent to her injuries sustained while on-the-job, comments were made as to Ms. White being so brittle that she's probably broken everything she's got, if you're that old ..., reference to needing additional time to heal due to her age, etc.

16. Subsequent to her on-the-job injury, which resulted in Ms. White being a qualified individual with a disability, Ms. White suffered a number of incidents at work culminating in her position being demoted and her being removed as a direct report to the Center Director.

17. As a result of her actions to protect the African American male employed as one of her assistants, Ms. White was subjected to discriminatory treatment and retaliated against for protecting the assistant.

## COUNT I

### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

18. Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 17 above as though fully set forth at length herein.

19. This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, asserting that Defendant Youth Services director(s), while in the course and scope of employment, subjected Ms. White to disparate treatment due to her gender, and which ultimately resulted in an adverse employment action – her termination.

## COUNT II

### DISCRIMINATION IN VIOLATION OF THE
### AGE AMERICANS WITH DISABILITY ACT and
### SECTION 504 OF THE REHABILITATION ACT.

20. Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 19 above as though fully set forth at length herein.

21. Defendant's Center Directors violated the protections provided under Title II of the Americans with Disabilities Act, 42 U.S.C. §12132, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et* seq. by retaliating against Ms. White for being disabled and discriminating against her and limiting her ability to perform her responsibilities.

## COUNT III

### DISCRIMINATION IN VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

22. Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 21 above as though fully set forth at length herein.

23. This cause of action is brought pursuant to Age Discrimination in Employment Act of 1967, as amended, asserting that Defendant Youth Services director(s), while in the course and scope of employment, subjected Ms. White to discriminatory treatment which contributed to an adverse employment action – her termination. Comments and employment action were not taken in connection with Ms. White similarly situated male counterparts of the same general age.

## COUNT IV

### RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 23 above as though fully set forth at length herein.

Plaintiff's Original Complaint                                                                                      Page 5

25. This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, asserting that Defendant Youth Services Center Director(s), retaliated against Ms. White for engaging in statutorily protected activities, to wit: protection of the employment of one of her assistants, an African American male. As a result of her actions, Ms. White suffered discriminatory and adverse treatment and which ultimately contributed to an adverse employment action – her termination.

## COUNT V

### VIOLATION OF TEXAS LABOR CODE, CHAPTER 451

26. Plaintiff incorporates by reference all general allegations of paragraphs 6 through 25 above as though fully set forth at length herein.

27. As an alternative theory of recovery, Plaintiff asserts that defendant violated Texas Labor Code Section 451, which prohibits discrimination against an employee who files a workers' compensation claim for benefits in good faith. On or about August 18, 2009, Ms. White suffered injuries while in the course and scope of her employment. She obtained medical care for her injury and sought benefits under the workers compensation program. Defendant Youth Services, through its directors and/or managers, retaliated against Ms. White by unlawfully engaging in employment actions intended to interfere with her performance of her responsibilities and/or in complying with the medical restrictions imposed upon her by her treating physician.

## COUNT VI

### PUNITIVE DAMAGES

28. Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 27 above as though fully set forth at length herein.

29. At all times relevant, Center Director(s) for Defendant Youth Services acted with reckless indifference to the rights of Ms. White as outlined above; and, more specifically, that its management personnel were well aware that their actions and inactions were discriminatory and in violation of federal law and/or state law.

## ATTORNEY FEES

30. Plaintiff seeks recovery of her reasonable and necessary attorney fees as permitted by law, to include 42 U.S.C. 2000e-5(k), Section 216(b) of the Fair Labor Standards Act as incorporated into the Americans with Disabilities in Employment Act, 42 U.S.C.A. §12205 of the Americans with Disabilities Act, and Section 794a(b) of the Rehabilitation Act of 1973.

## TRIAL BY JURY

31. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nyietta M. White request that this Court:

   a. Award retroactive relief so that Plaintiff is made whole for the injuries suffered on account of the unlawful employment discrimination;

   b. Award compensatory damages to Plaintiff against Defendant;

   c. Award damages to Plaintiff for injury to her character and reputation, and her mental anguish;

   d. Award costs of this action to the Plaintiff;

   e. Award reasonable attorney's fees and costs to the Plaintiff on Counts I through IV of the Complaint, and as amended;

   f. Award punitive damages against the Defendant for the actions complained of herein;

and,

g. Award such other and further relief as this Court may deem appropriate.

Dated: March 1, 2011

_____
David D. Davis,
State Bar No.: 00790568

ATTORNEY FOR PLAINTIFF

LAW OFFICES OF DAVID D. DAVIS, PLLC
12221 Merit Drive, Suite 670
Dallas, Texas 75251
972.866.9900
972.866.9902
ddd@dddavislaw.net